UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-21728-CIV-GOLD/WHITE

ERLIS JEAN-BAPTISTE,

      Plaintiff,

vs.

JOSE GUTIERREZ,

      Defendant.

_____/

OMNIBUS ORDER ADOPTING AND AFFIRMING RECOMMENDATIONS OF
MAGISTRATE JUDGE [DE 65]; [DE 66]; [DE 87]; DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT [DE 37]; OVERRULING DEFENDANT'S OBJECTIONS
TO MAGISTRATE JUDGE'S REPORTS [DE 79]; [DE 95]; GRANTING DEFENDANT'S
MOTION TO STRIKE OBJECTIONS DUE TO AN INADVERTENT FILING [DE 96]

THIS CAUSE is before the Court upon Magistrate Judge White's Report and

Recommendations **[DE 65]** and Supplemental Report and Recommendations **[DE 87]**

(collectively "the Reports") recommending the denial of Defendant Officer Jose Gutierrez's

Motion for Summary Judgment **[DE 37]**.  Defendant filed Objections to both Reports.  *See*

**[DE 79]** and **[DE 95]**.  Having reviewed the Reports, Defendant's Objections thereto, and

the applicable case law, I agree with the Magistrate Judge's insofar as the material facts

– as viewed in the light most favorable to the Plaintiff – demonstrate that Officer Gutierrez

is not entitled to qualified immunity as a matter of law because he violated Plaintiff's clearly

established right to be free from deadly force in a situation that requires less-than-lethal

force.  Accordingly, I adopt and affirm the Magistrate Judge White's Recommendations and

deny Defendant's Motion for Summary Judgment.

I.     **Factual Background**[1]

Because the factual background of this case is recounted in great detail in the

Magistrate's Reports, I present only a brief synopsis of the incident giving rise to Plaintiff's

claim.  During the mid-morning of July 24, 2003, Defendant Gutierrez became engaged in

a vehicular pursuit and then a foot chase with suspects, who, based on a police bulletin,

were believed to have been involved in an armed home invasion.  **[DE 87, p. 2]**.  During

the course of the pursuit, Defendant Gutierrez spotted the suspects, one of whom was

holding an unknown "blunt object" that Gutierrez figured was a gun.  **[DE 65, p. 10]**.

After a foot pursuit, Defendant Gutierrez came upon one of the suspects, the

Plaintiff, in the backyard of a residence near a shed, holding what he believed to be a gun.

**[DE 87, p. 2]**.  Feeling that he was being ambushed by the Plaintiff, Defendant Gutierrez

opened fire on the Plaintiff without warning, discharging his firearm multiple times until he

"had completely emptied his magazine," which contained fourteen rounds of ammunition.

**[DE 65, p. 11]**.  The first or second shot struck Plaintiff in the groin area, with subsequent

shots hitting him in various other body parts, including his feet and legs.  **[DE 65, p. 12]**;

**[DE 87, p. 8]**.  Sworn statements provided by the Plaintiff and an air conditioning technician

who took in the events from a nearby rooftop indicate that the first shot to the groin area

---

[1]The factual background is drawn from the facts contained in the record, viewing all evidence and taking all reasonable inferences in the light most favorable to Plaintiff as the nonmoving party. *Carr v. Tatangelo*, 338 F.3d 1259, 1266 (11th Cir .2003); *see also Robinson* v. *Arrgueta,* 415 F.3d 1252 (11th Cir. 2005) (noting that a qualified immunity analysis must be undertaken with "the Plaintiff's best case in hand."). While some citations are made to the Reports, the undersigned has conducted an thorough and independent review of the record to verify that the factual summary contained herein is supported by record evidence.  Further, because the Plaintiff is *pro se*, his pleadings and briefs are liberally construed.  *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1285 (11th Cir. 2002) (discussing liberal construction to whcih *pro se* litigants are entitled).

immediately brought Plaintiff to the ground, and that Officer Gutierrez then "malicious[ly] and/or sadistic[ally]" fired at least ten more rounds from close range, even after Plaintiff lay incapacitated on the ground and despite the fact that Plaintiff's weapon was approximately "a foot or two away" from him.  **[DE 87, p. 7]; [DE 65, p. 10]; [DE 1, p. 4]; [DE 37-9, pp. 32-33]**.  As a result of the gunshot wounds he suffered during the course of this incident, Plaintiff was permanently injured and is now confined to a wheelchair.  **[DE 1, p. 5]**.

## II.   Procedural Background

On July 6, 2007, Plaintiff filed a § 1983 claim against Defendant Gutierrez, claiming that Gutierrez used excessive force against Plaintiff in violation of his clearly established constitutional rights.  **[DE 1]**. Upon filing, the matter was referred to Magistrate Judge White by the Court for, among other things, the issuance of a Report and Recommendation on any dispositive motions. **[DE 2]**.   On June 20, 2008, Defendant moved for summary judgment, asserting that he was entitled to judgment as a matter of law based on the doctrine of qualified immunity.  **[DE 37]**.   On February 20, 2009, Magistrate Judge White issued a Report ("the Initial Report") recommending that Defendant's motion be denied and that the case be set for trial. *See* **[DE 65]**.  On April 17, 2009, Defendant objected to the Report.  **[DE 79]**.   On September 17, 2009, after considering Defendant's objections, I entered an Order **[DE 85]** requesting a Supplemental Report ("the Supplemental Report") that would address certain legal and factual issues that remained unresolved by the Initial Report.[2]  The Supplemental Report **[DE 87]** was issued on October 28, 2009, and after

_____

[2] Specifically, I requested additional information regarding (1) Defendant's belief that Plaintiff had a gun; (2) whether pointing a gun, in contrast to mere possession, is material or necessary to warrant the use of deadly force; (3) whether a warning is required before exercising deadly force; (4) whether the number of shots fired can convert an action from

receiving various extensions of time, Defendant filed his Corrected Objections to the Supplemental Report **[DE 95]** on January 5, 2010.

### III.    Standard of Review of a Magistrate Judge's Decision

Pursuant to Federal Rule of Civil Procedure 72(b), which governs dispositive motions referred to a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge on a dispositive motion "[w]ithin 10 days after being served with a copy of the recommended disposition."  Fed.R.Civ.P. 72(b)(2); *see also* S.D. Fla. Mag. R. 4(b).  If objections are timely filed, the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. *Id.*  While the standard of review is *de novo*, a district judge need not re-assess every single finding and determination, for "the statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants' " without violating a party's due process rights, "so long as the ultimate decision is made by the district court."  *U.S. v. Raddatz*, 557 U.S. 667, 683 (1980) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).  Upon review of the magistrate's decision, the district judge may accept, reject, or modify the recommended disposition, receive further evidence, recall the witnesses, or return the matter to the magistrate judge with instructions.  *Id.*  Further, a district judge does not abuse his discretion in either considering or refusing to consider an "argument that was not presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1290-91 (11th Cir. 2009).

---

permissible to unconstitutional; and (5) case law suggesting that there was clearly established law indicating Defendant's actions were unconstitutional.  *See* **[DE 85]**.

## IV.    Analysis

After a thorough review of the record and the applicable law, Magistrate Judge White determined in his Reports that Defendant's Motion for Summary Judgment should be denied because "the parties' versions of the facts are at odds [and because] there are issues of material fact in dispute which impact on the questions of the nature of the threat that plaintiff . . . posed to the defendant . . . [and] the nature and extent of force that was appropriate under the circumstances."    **[DE 87, p. 19]**.    Defendant objects to this conclusion, asserting that a qualified immunity analysis must be undertaken "[w]ith the Plaintiff's best case in hand" and that, as a result, "material issues of disputed fact . . . cannot foreclose the grant or denial of summary judgment based on qualified immunity." **[DE 95, p. 3]** (quoting *Robinson* v. *Arrgugueta,* 415 F.3d 1252 (11th Cir. 2005)). Defendant also objects on the basis that Magistrate Judge White allegedly failed to shift the burden of proof to Plaintiff to demonstrate a violation of a constitutional right that was clearly established at the time of the subject incident.  *Id.* at 8.[3]

While I agree with Defendant insofar as the existence of a disputed issue of material fact does not *ipso facto* defeat a summary judgment motion based on qualified immunity, *see Robinson*, 415 F.3d at 1257 (noting that "material issues of disputed fact are not a factor in the court's analysis of qualified immunity" because such issues are eliminated when district courts "take the facts in the light most favorable to the party asserting the injury"), I disagree that Defendant is entitled to the protections of qualified immunity given

---

[3] Additionally, Defendant argues that the Magistrate Judge improperly gave deference to Plaintiff's criminal acquittal as support for denying Defendant's motion.  *See* **[DE 95, p. 19]**. Because Plaintiff's criminal acquittal has no impact on my decision to deny Defendant's summary judgment motion, I need not address this objection, as any error would be harmless.

the facts of this particular case.

As Defendant correctly points out, the Eleventh Circuit has instructed district courts to analyze questions of qualified immunity "with the Plaintiff's best case in hand" so that "the court is able to move to the question of whether the defendant committed the constitutional violation alleged in the complaint without having to assess any facts in dispute." *Id.*   Here, the "best case in hand" consists of Defendant Gutierrez having maliciously and sadistically[4] shot a non-resisting, non-fleeing Plaintiff an additional ten to twelve times from close range *after* having incapacitated him with an initial shot to the genital-region and *after* Plaintiff's weapon was no longer within his control.  If this "best case in hand" constitutes a violation of Plaintiff's clearly established rights, then Defendant's motion must be denied.  *See e.g., Mercado v. City of Orlando*, 407 F.3d 1152, 1156-59 (11th Cir. 2005) (reversing district court's grant of summary judgment on qualified immunity grounds because evidence was sufficient such that a reasonable jury could conclude that officer used excessive force in violation of Plaintiff's clearly established constitutional rights when he used a Sage Launcher on an armed but non-resisting Plaintiff who was lying on his kitchen floor).

Claims of excessive force are analyzed under the Fourth Amendment's "objective reasonableness" standard.  *Oliver v. Fiorino*, 2009 WL 3417869, *4 (11th Cir. Oct. 26, 2009).  Thus, the critical question that must be answered in this context "is whether the officer's conduct [was] objectively reasonable in light of the facts confronting the officer." *Vinyard v. Wilson*, 311 F.3d 1340, 1347 (11th Cir. 2002).  Of course, the " 'reasonableness'

---

[4] *See* **[DE 1, p. 4]**.

of a particular use of force must be judged from the perspective of a reasonable officer at the scene, rather than with the 20/20 vision of hindsight."  *Graham v. Connor*, 490 U.S. 386, 388 (U.S. 1989).  When determining whether the force used during the course of a seizure is reasonable, courts must give "careful attention to the facts and circumstances of each particular case, inlcuding the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Id.*  Additional considerations deemed relevant in this Circuit include "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted, and (4) whether the force was applied in good faith or maliciously and sadistically."  *Sanchez v. Hialeah Police Dep't.*, 2009 WL 4829872 (11th Cir. Dec. 16, 2009) (citing *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008).

Applying these factors the instant case leads me to conclude that even if the initial use of deadly force was constitutionally permissible, the additional ten to twelve shots fired while Plaintiff lay unarmed on the ground in an incapacitated state constituted a Fourth Amendment violation by Defendant Gutierrez.  *See Bozeman v. Orum,* 422 F.3d 1265 (11th Cir. 2005) (indicating that initially justified use of force can become unconstitutional if use of force continues after threat has subsided).  Accordingly, I affirm the Magistrate Judge's finding of a constitutional violation given the facts as viewed in the light most favorable to the Plaintiff.

Because I have determined that Plaintiff's "best case in hand" sets forth a constitutional violation based on Defendant's use of excessive force, I now address

7

whether the Magistrate Judge correctly concluded that Defendant Gutierrez's use of excessive force violated a constitutional right that was clearly established at the time of the subject incident (i.e., July of 2003).  *See Corey Airport Svcs., Inc. v. Decosta*, 587 F.3d 1280, 1285 (11th Cir. 2009) (articulating two-step qualified immunity analysis).  In the context of § 1983 claims, a plaintiff can demonstrate that a constitutional right was clearly established in one of three ways:  "First, he can show that a materially similar case has already been decided, giving notice to the police. [Second,] [h]e could . . . show that a broader, clearly established principle should control the novel facts in this situation, and [f]inally, he could show that this case fits within the exception of conduct which so obviously violates that constitution that prior case law is unnecessary."  *Mercado*, 407 F.3d at 1159.

In the instant case, Magistrate Judge White concluded that the novel facts of this case as viewed in the light most favorable to the Plaintiff implicate "broader clearly established principles" set forth in prior cases involving the use of excessive force.  **[DE 87, p. 9]**.  Specifically, the Reports concluded that Defendant's behavior violated the clearly established principle that "force must be proportionate to [the] need at the time it is applied, and must cease once the need for use of force no longer exists."  *Id.* at 10 (citing *Skrtich v. Thornton*, 280 F.3d 1295, 1304 (11th Cir. 2002)).  Defendant objects to this determination, contending that Magistrate Judge White addressed the issue too broadly given that "every case that considers the appropriate use of force in the context of the Fourth or Eighth Amendments stands for the same exact proposition." **[DE 95, p. 13]**.

While Defendant is correct insofar as "the principle that officers may not use excessive force to apprehend a suspect is too broad a concept to give officers notice of

unacceptable conduct," *Mercado,* 407 F.3d at 1159 (citation omitted), Defendant fails to recognize that the clearly established right implicated by Defendant Gutierrez's actions goes beyond general notions of "excessive force."  Rather, the specific constitutional principle upon which Magistrate Judge White's determination rests is "that deadly force cannot be employed in a situation that requires less-than-lethal force." *Mercado,* 407 F.3d 1159-60 (citing *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985)).  Because binding Eleventh Circuit precedent holds that a citizen's constitutional right to be free from "deadly force in a situation that clearly would not justify its use" is clearly established, *see id.,* and because Defendant violated that right by maliciously firing ten-plus rounds at the incapacitated and non-resisting Plaintiff who no longer posed a realistic threat or flight risk, I agree with Magistrate Judge White that the Defendant is not entitled to avail himself of the protections of qualified immunity in this particular case.

## V.    Conclusion

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that:

1.    Magistrate Judge White's Reports and Recommendations **[DE 65]; [DE 66]; [DE 87]** are AFFIRMED AND ADOPTED in part.

2.    Defendant's Motion for Summary Judgment **[DE 37]** is DENIED.

3.    Defendant's Motion to Strike **[DE 96]** is GRANTED.

4.    A separate order will issue setting this matter for trial before the Undersigned.

DONE AND ORDERED in Chambers in Miami, Miami Dade County, Florida, this 12th day of January 2010.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc: Counsel and parties of record
   Magistrate Judge White

   Erlis Jean-Baptiste, *pro se* [Via U.S. Mail]
   DC #192393
   Columbia Correctional Institution
   216 S.E. Corrections Way
   Lake City, FL 32025-2013